UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMADEO SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA,<br><br>　　　　　Defendants. | Case No. 3:13-cv-00149-MMD-VPC<br><br>ORDER |

This *pro se* prisoner action comes before the Court for initial review under 28 U.S.C. § 1915A.

Plaintiff filed a handwritten motion for modification of sentence as his sole filing initiating this action. The motion names the State of Nevada as the sole defendant, and the motion seeks modification of a sentence imposed by a state district court. Neither a filing fee nor an application to proceed *in forma pauperis* was received with the filing.

The papers presented are subject to multiple substantial defects.

First, plaintiff may not commence an action in federal court without either paying the applicable filing fee or filing an application to proceed *in forma pauperis.* Plaintiff did neither.

Second, plaintiff cannot commence a federal civil action in this context with a motion as the sole initial filing. He must file a pleading on the required form, such as a civil rights complaint or a petition for a writ of habeas corpus.

Third, plaintiff may not bring an action against the State of Nevada in federal court. Suit against the State in federal court is barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a State regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984).

This improperly-commenced action therefore will be dismissed without prejudice.

It does not appear that a dismissal without prejudice of this improperly commenced action will materially impact the analysis of any statute of limitations issue or other issues in a promptly filed and properly commenced new federal action or otherwise result in substantial prejudice.[1]

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice.

---

[1] Plaintiff's allegations together with the online records of the state courts reflect the following.

Plaintiff Amadeo Sanchez was convicted in No. C215059 in Nevada's Eighth Judicial District Court, pursuant to a plea agreement, of conspiracy to commit robbery and robbery with the use of a deadly weapon. The judgment of conviction was filed on December 15, 2005. Sanchez did not file a direct appeal, and the time period for doing so expired on Tuesday, January 17, 2006, following Martin Luther King, Jr. Day.

Sanchez thereafter did not file a state post-conviction petition within the one-year state time period for doing so. He subsequently has not filed such a state petition or any other proceeding for collateral review of the judgment of conviction in the state courts.

Absent other tolling or delayed accrual, the federal limitation period under 28 U.S.C. § 2244(d)(1) accordingly expired one year after the expiration of the time period for seeking direct review, *i.e.*, on January 17, 2007. Further, it does not appear that plaintiff has exhausted any pertinent federal constitutional claims in the Nevada state courts as a prerequisite to seeking federal habeas relief. Moreover, any civil rights action seeking to challenge the fact or duration of his incarceration under the 2005 judgment of conviction would appear to be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

The analysis of the foregoing issues in a new federal action would not be materially impacted by a dismissal of the present improperly commenced action without prejudice.

Finally, the Court notes that plaintiff relies in the present motion upon precedents of the Supreme Court of Nevada allegedly holding that a state district court may consider a motion for modification of sentence at any time. Plaintiff is not in state court in this action. State supreme court holdings regarding the application of state law in state district court proceedings have no application to proceedings filed in this *federal* district court.

2

1 | The Clerk of Court shall send plaintiff two (2) copies each of a civil rights complaint form, a noncapital § 2254 form, and a pauper form for an incarcerated person; one (1) copy of the instructions for each form; and a copy of the papers that he filed in this action.[2]

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 16th day of July 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] In directing the Clerk to send these forms, the Court makes no implied holding that plaintiff thereby properly may seek modification of his sentence in federal court through such filings, as opposed to via a properly-filed proceeding instead in the state courts on the appropriate state court forms.

3